

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

D-1 Samuel George Baker,

    Defendant.
_____/

Case: 2:20-cr-20433
Judge: Tarnow, Arthur J.
MJ: Patti, Anthony P.
Filed: 09-16-2020 At 03:27 PM
INDI USA V. BAKER (NA)

Violations:
18 U.S.C. § 1343
18 U.S.C. § 1028A
18 U.S.C. § 1029

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. In response to the novel coronavirus disease (Covid-19) pandemic, the federal government has taken a number of steps to provide urgently needed financial assistance to the States.

2. The Families First Coronavirus Response Act (FFCRA), which became law on March 18, 2020, provided additional flexibility for State unemployment insurance agencies and additional administrative funding to respond to the Covid-19 pandemic.

3. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020, and further expanded the ability of the States

1

to provide unemployment insurance (UI) for many workers impacted by the COVID-19 pandemic, including workers who are not ordinarily eligible for unemployment benefits.

4.  The Federal Pandemic Unemployment Compensation (FPUC) program was created under the aforementioned statutes and allowed eligible individuals who are collecting certain UI benefits, including regular unemployment compensation, to receive an additional $600 in federal benefits per week for weeks of unemployment ending on or before July 31, 2020.

5.  Additionally, the Pandemic Emergency Unemployment Compensation (PEUC) program was created and allows those who have exhausted benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional federally funded benefits

6.  In order to obtain any of the above-referenced benefits, an individual must initiate a claim. The overwhelming majority of unemployment claims have been filed online through state-organized websites.  In most cases, in order to be eligible for unemployment benefits, the worker must demonstrate a certain level of earnings in several quarters immediately preceding the application.  The amount of unemployment benefits that an unemployment claimant might be eligible for depends on a variety of factors, including, but not limited to, the length of his or her previous employment and the amount of wages he or she earned.   However,

under the programs outlined above, certain individuals may be now be eligible for UI benefits (or eligible for a greater amount of UI benefits) than they would be if not for various federal programs.

7. Different states have different ways of providing claimants with UI benefits. One way in which the State of Pennsylvania provides benefits is through the use of a prepaid debit card, issued by US Bank and sent to the claimant through the mail. In the State of Michigan, similar prepaid cards are issued by Bank of America, and are also mailed to the claimant. If a claim is approved, unemployment benefits are loaded onto the debit card(s) electronically, and additional benefits are loaded onto the card(s) electronically every two weeks. Alternatively, a claimant can provide a bank routing number and bank account in which to have their unemployment benefits directly deposited electronically. Additional benefits are then deposited into the bank account electronically every two weeks.

## COUNTS ONE - FOUR
## 18 U.S.C. § 1343 - Wire Fraud

D-1 Samuel George Baker

8. The allegations in paragraphs 1 - 7 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

9. Beginning on a date unknown to the grand jury, but at least as early as June 25, 2020, and continuing through at least July 28, 2020, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendant Samuel George Baker,

3

with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

10. The purpose of the scheme and artifice to defraud was for Defendant to unlawfully obtain state and federal UI benefits.

11. It was part of the scheme and artifice that Defendant would submit false and fraudulent UI benefit claims to the state of Pennsylvania (and elsewhere) in the name(s) of various individuals, without those individuals' knowledge or approval.

12. It was further a part of the scheme and artifice that Defendant would use these individuals' social security numbers and other personally identifiable information (PII) in the course of the UI benefit claim submission process.

13. It was further a part of the scheme and artifice that, for each of the submitted UI benefit claims, the Defendant would falsely certify that the purported claimant was unemployed due to Covid-19.

14. It was further a part of the scheme and artifice that, for each of the submitted UI benefit claims, Defendant would cause US Bank to mail a debit card to an address within his control. These debit cards were then loaded, electronically, with state and federal UI benefits by the Pennsylvania Department of Treasury.

15. It was further a part of the scheme and artifice that once Defendant obtained these debit cards, he would use them to make withdrawals from various ATMs in the Eastern District of Michigan.

16. On or about the dates set forth below, in the Eastern District of Michigan, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, Defendant knowingly transmitted and caused the transmission by means of wire radio, or television communication in interstate or foreign commerce, the following writings, signs, signal, pictures, and sounds; with each transmission being a separate count of the indictment:

| Count | Date of Transaction | Nature of Wire Transmission | Victim | Amount Withdrawn |
|---|---|---|---|---|
| 1 | July 11, 2020 | Debit card transaction | M.H. | $500 |
| 2 | July 11, 2020 | Debit card transaction | M.H. | $500 |
| 3 | July 17, 2020 | Debit card transaction | D.B. | $500 |
| 4 | July 17, 2020 | Debit card transaction | D.B. | $500 |

17. All in violation of Title 18, United States Code, Section 1343.

## COUNTS 5-6
## 18 U.S.C. § 1028A(a)(1)

D-1 Samuel George Baker

18. The allegations in paragraphs 1 - 17 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

19. On or about the dates listed below, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendant Samuel George Baker, did knowingly possess, use and transfer, without lawful authority, one or more means of identification of another person—that is, names and Social Security Numbers—during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, in violation of 18 U.S.C § 1343, knowing that the means of identification belonged to another actual person:

| Count | Date of Use | Nature of Use | Victim |
|---|---|---|---|
| 5. | June 26, 2020 | Application for Pennsylvania UI benefits | M.H. |
| 6. | June 25, 2020 | Application for Pennsylvania UI benefits | D.B. |

20. All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 7
## 18 U.S.C. § 1029(a)(5)
### Illegal Transactions with Access Devices

D-1 Samuel George Baker

21. The allegations in paragraphs 1 - 20 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

22. In or around the months of June, July, and August, 2020, in the Eastern District of Michigan, Defendant Samuel George Baker, knowingly and with intent to defraud, effected transactions with access devices issued to other persons; i.e.,

35 fraudulent U.S. Bank debit cards issued by the state of Pennsylvania in the names of various individuals; and did so in order to unlawfully obtain state and federal unemployment insurance benefits in the name of those individuals.

23. Within the one-year period between September 1, 2019, and September 1, 2020, the Defendant obtained more than $1,000 by way of such transactions.

24. The aforementioned conduct affected interstate commerce, in that the origin of the funds withdrawn from the cards (in Michigan) were deposit transactions initiated by the Pennsylvania Department of Treasury (in Pennsylvania); likewise, US Bank mailed the debit cards, in the names of each of the 35 UI benefit claimants, to addresses within the Defendant's control in Michigan.

25. All in violation of 18 U.S.C. § 1029(a)(5) and (c)(1)(B).

## FORFEITURE ALLEGATIONS

26. The allegations set forth in Counts One, Two, Three, Four, and Seven of this Indictment are hereby incorporated by reference for purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(2)(B), and Title 18, United States Code, Section 1029(c)(1)(C).

27. As a result of the forgoing violations of Title 18, United States Code, Section 1343, as charged in Counts One, Two, Three, and Four of this Indictment,

the Defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

28. As a result of the forgoing violation of Title 18, United States Code, Section 1029(a)(5), the Defendant shall forfeit to the United States any property constituting, or derived from, proceeds he obtained directly or indirectly as a result of such violation, and any personal property used or intended to be used to commit the offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1029(c)(1)(C).

29. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

30. <u>Money Judgment</u>: Upon conviction of the violations alleged in Counts 1-4 of this Indictment, the United States will seek a forfeiture money judgment against the Defendant in an amount equal to the total amount of proceeds he obtained as a result of his violations of Title 18, United States Code, Section 1343 as alleged in this Indictment.

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

JOHN K. NEAL
Chief, White Collar Crimes

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant U.S. Attorney

Dated: September 16, 2020

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case: 2:20-cr-20433<br>Judge: Tarnow, Arthur J.<br>MJ: Patti, Anthony P.<br>Filed: 09-16-2020 At 03:27 PM<br>INDI USA V. BAKER (NA) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☒No | AUSA's Initials: *RAP* |

**Case Title:** USA v. Samuel George Baker

**County where offense occurred:** Wayne

**Offense Type:** Felony

Indictment -- based upon prior complaint [**Case number:** 20-30299]

### Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

**Reason:**

| Defendant Name | Charges | Prior Complaint (if applicable) |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

September 16, 2020
Date

Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
ryan.particka@usdoj.gov
(313) 226-9635

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated