United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                    Hon. Paul D. Borman

v.

                                      Case No. 20-20433

Samuel George Baker,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Samuel George Baker, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Counts 1 and 5 of the Indictment. Count 1 charges the defendant with Wire Fraud under 18 U.S.C. § 1343. Count 5 charges the defendant with Aggravated Identity Theft under 18 U.S.C. § 1028A.

2.    **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | 20 years |
| | Fine: | $250,000; or twice the loss |
| | Term of supervised release: | 3 years |
| Count 5 | Term of imprisonment: | 2 years |
| | Fine: | $250,000; or twice the loss |
| | Term of supervised release: | 1 year |

The defendant understands that Count 5 requires a mandatory

minimum sentence of 24 months' imprisonment and that the Court may

not impose a sentence on that count below the mandatory minimum.

The defendant further understands that his sentence of

imprisonment on Count 5 *must* run consecutively to his sentence of

imprisonment on any other count of conviction.

3.    **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss count 2- 4, 6, and 7 of the Indictment.

4.    **Elements of Count[s] of Conviction**

The elements of Count 1 are:

1. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

2. The defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The elements of Count 5 are:

1. The defendant knowingly used a means of identification of another person without lawful authority;

2. The defendant knew the means of identification belonged to another person; and

3. The use of the means of identification occurred during and in relation to a felony set forth in 18 U.S.C. § 1028A(c), to wit Wire Fraud in violation of 18 U.S.C. § 1343.

5.  **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

A.  <u>Count One – Wire Fraud</u>

Beginning at least as early as May 8, 2020, and continuing through at least July 28, 2020, in the Eastern District of Michigan, Southern Division, and elsewhere, the Defendant, Samuel George Baker, with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and

representations. The purpose of the scheme and artifice to defraud was for Defendant to unlawfully obtain state and federal UI benefits.

In executing this scheme, Baker caused the transmission of writings, signals, and sounds by means of wire communication in interstate commerce. Specifically, on a variety of dates—to include July 11, 2020—Baker used fraudulently acquired debit cards, obtained in the names of more than 10 individual victims, to make ATM withdrawals throughout the Eastern District of Michigan. Each of these withdrawals caused a separate, interstate transmission of information via wire. Baker made these withdrawals with both the intent to defraud and knowledge of the fact that he was not entitled to UI benefit money that had been deposited onto the cards in his possession.

## B.  Count Five – Aggravated Identity Theft

On or about June 26, 2020, in the Eastern District of Michigan, Southern Division, the defendant, Samuel George Baker, did knowingly possess, use, and transfer, without lawful authority, a means of identification of another person during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit Wire Fraud, in violation of

18 U.S.C. § 1343, knowing the means of identification belonged to another actual person.

Specifically, as part of the Wire Fraud scheme set forth in Count One, Defendant Samuel George Baker, used the name and Social Security Number assigned to a known individual, M.H., in order to file an application for Unemployment Insurance benefits with the state of Pennsylvania. This was one of approximately 35 similar claims filed in the state of Pennsylvania in the names of various individuals.

6.    **Stipulated Offenses**

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses:

One or more additional counts of Wire Fraud, in violation of 18 U.S.C. § 1343, pertaining to a related scheme to defraud the Small Business Administration's Economic Injury Disaster Loan (EIDL) program, with $47,000 in additional losses stemming from said scheme. The fraudulent EIDL benefits were applied for on behalf of fictitious businesses purportedly located in the state of Nevada.

7.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.    The right to an appointed attorney, if the defendant cannot afford to retain one;

E.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F.    The right to confront and cross-examine adverse witnesses at trial;

G.    The right to testify or not to testify at trial, whichever the defendant chooses;

H.    If the defendant chooses not to testify, the right to have the

jury informed that it may not treat that choice as evidence of guilt;

I.    The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

J.    The right to compel the attendance of witnesses at trial.

## 8.    Collateral Consequences of Conviction

The defendant understands that his convictions here may carry

additional consequences under federal or state law. The defendant

understands that, if his not a United States citizen, his convictions here

may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his convictions here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless

affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to

which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- § 2B1.1(a)(1) – Base Offense Level: 7

- § 2B1.1(b)(1)(G) – Loss between $250,000 and $550,000 (Increase offense level by 12)

- § 2B1.1(b)(2) – Offense involved 10 or more victims (Increase offense level by 2)

- § 2B1.1(b)(11) – Offensive involved production or trafficking of any unauthorized access device or counterfeit access device (Increase offense level by 2)

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing

purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Other than the guideline recommendations and factual

stipulations in those paragraphs, however, neither party is restricted in

what it may argue or present to the Court as to the defendant's

guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw

from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government

likewise has no right to withdraw from this agreement if it disagrees

with the guideline range determined by the Court.

10. **Imposition of Sentence**

A. **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

B. **Imprisonment**

1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

2. **No Right to Withdraw**

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The parties agree that restitution is due to the following victims in the following amounts:

| | |
|---|---|
| **State of Michigan:** | **$42,640** |
| **State of Pennsylvania:** | **$324,814** |
| **Small Business Administration:** | **$47,000** |

Further, if it is later determined that either of the state victims are not the ultimate bearers of the full amount of these losses given the state-and-federal partnership that resulted in the outlay of the stolen funds, Defendant agrees to any necessary re-apportionment of the above losses, so as to ensure that restitution is earmarked to the appropriate government agencies.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Forfeiture

The defendant agrees to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to his violation of 18 U.S.C. § 1343, as charged in Count 1 of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Such property includes, but is not limited to:

- $187,200.00 in U.S. Currency found in various places within the residence at XXXXX Violet Drive, Southfield, MI;
- Miscellaneous Jewelry, including:
  - Rolex Presidential Oyster Perpetual, S/N: S0V08440, Model: 218235

- o Rolex Submariner, S/N: 3V896755, Model: 126715CHNR
- o Rolex Sky Dweller, S/N: 083N0791, Model: 326935
- o Rolex Masterpiece Tridor, S/N: K557353, Model: 18948; and
- Ten gold coins from the residence at XXXXX Violet Drive, Southfield, MI 48076

(collectively, "Subject Property").

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the Subject Property following the defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5).

The defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further agrees to hold the

United States, its agents and employees, and any federal and local law enforcement agency involved with this matter harmless from any claims whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the Subject Property.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Upon entry by the Court of an Order of Restitution as part of the Judgment of Conviction in this criminal case, the United States Attorney's Office for the Eastern District of Michigan agrees to prepare a Request for Restoration of Forfeited Assets to Known Victim(s). The Request for Restoration will be submitted to the Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section (MLARS) for determination. Defendant acknowledges that no

representation has been made to him, however, as to the outcome of such a Request for Restoration, and understands that MLARS may grant the Request for Restoration, may grant in-part the Request for Restoration, or may deny the Request for Restoration. Defendant expressly acknowledges that the Request for Restoration may be denied and that no representations have been made to him by or on behalf of the United States Attorney's Office or the Department of Justice as to the likelihood that such a Request will or would be granted.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 11.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment on Count 1 does not exceed **46 months**, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those

claims by collateral review under 28 U.S.C. § 2255. The defendant also

retains the right to pursue any relief permitted under 18 U.S.C.

§ 3582(c), as long as the defendant properly files a motion under that

section. The defendant, however, waives any other right he may have to

challenge his conviction or sentence by collateral review, including, but

not limited to, any right he may have to challenge his conviction or

sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or

Federal Rule of Civil Procedure 59 or 60.

### 13.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the

defendant's convictions or sentence under this agreement is vacated,

the government may reinstate any charges against the defendant that

were dismissed as part of this agreement and may file additional

charges against the defendant relating, directly or indirectly, to any of

the conduct underlying the defendant's guilty plea or any relevant

conduct. If the government reinstates any charges or files any

additional charges as permitted by this paragraph, the defendant

waives his right to challenge those charges on the ground that they

were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.**   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00PM on March 4, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_John K. Neal_                                    _Ryan A. Particka_
John K. Neal                                      Ryan A. Particka
Chief, White Collar Crime Unit        Assistant United States Attorney
Assistant United States Attorney

Dated: March 3, 2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_Steven Scharg_                                _Samuel Baker_
Steven E. Scharg                            Samuel George Baker
Attorney for Defendant                  Defendant

Dated: March 29, 2022