UNITED STATES OF AMERICA
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | HON. PAUL D. BORMAN<br>Case No. 20-20433 |
| vs. | |
| SAMUEL GEORGE BAKER, | |
|     Defendant. | |
| _____/ | |

**SENTENCE MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

Now Comes the Defendant, Samuel Baker, by and through his attorney, Steven Scharg, and pursuant to 18 U.S.C. 3553(a), 18 U.S.C. 3553(b), and U.S.S.G. 5K2.20, requests that this Honorable Court grant his Motion for Downward Variance.  In support of said Motion, Defendant further states:

1. On September 16, 2020, Defendant was charged in a seven count Indictment charging in Counts One-Four:  Wire Fraud, in violation of 18 U.S.C. Section 1343; Counts Five and Six:  Aggravated Identity Theft in violation of 18 U.S.C. Section 1028A(a)(1), and Count Seven: Illegal Transactions with Access Devices in violation of 18 U.S.C. Section 1029(a)(5).

2. On March 29, 2022, Defendant plead guilty to Counts 1 and 5 of the Indictment pursuant to a Rule 11 Plea Agreement.

3. A Pre-Sentence Investigation Report was prepared on June 9, 2022.

3. The offense conduct occurred on or about June, 2020, through the filing of the Complaint in this matter.

1

4. Defendant is requesting a downward variance because the advisory guideline range is too harsh and it is "greater than necessary" to satisfy the purposes of sentencing.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant his Motion for Downward Variance.

                                          Respectfully submitted,

                                          s/Steven Scharg
                                          STEVEN SCHARG
                                          Attorney for Defendant
                                          615 Griswold, Suite 1120
                                          Detroit, Michigan 48226
                                          (313) 962-4090
                                          Mi Bar No. P43732
                                          Scharg1924@gmail.com

Dated:  August 19, 2022

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   HON. PAUL D. BORMAN

    Plaintiff,   Case No. 20-20433

vs.

SAMUEL GEORGE BAKER,

    Defendant.

_____/

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

"[A] district court's job is not to impose a reasonable sentence. Rather a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)…' *United States v Foreman,* 436 F.3d 638, 644 n.1 (6th Cir. 2006)(citing *United States v. Booker*, 125 S.Ct. 738 (2005).

### INTRODUCTION

The brief is filed pursuant to 18 U.S.C. Section 3553(a), 18 U.S.C. 3353(b) and U.S.S.G. 5K2.20, and is submitted by Defendant Samuel Baker, by and through his attorney, Steven Scharg, in support of his Motion for Downward Variance in the instant offense.

On August 19, 2020, Defendant made an Initial Appearance and entered a not guilty plea to the charges contained herein. Defendant was temporarily detained pending a detention hearing.

On August 20, 2020, after conducting a detention hearing, Defendant Baker was ordered detained by Magistrate Judge Elizabeth Stafford.

That on October 30, 2020, Defendant filed a motion to revoke detention before the Honorable Arthur Tarnow and the Court granted Defendant's request for bond and was released on an unsecured bond.  Defendant Baker has remained on bond during the pendency of this case without any violations.

On March 29, 2022, Defendant entered a guilty plea to Count One: Wire Fraud in violation of 18 U.S.C. Section 1343 and Count Five: Aggravated Identity Theft in violation of 18 U.S.C. Section 1028A(a)(1).

A Pre-Sentence Investigation Report was submitted declaring an offense level for Count One of the Indictment of 18 and a criminal history category of III. Based upon this computation, the probation department calculated a sentencing guideline range of 33-41 months on Count One and Count Five is a mandatory 24 months consecutive to Count One.

The guideline range for this offense is too harsh and it is greater than necessary to satisfy the purpose of sentencing.  Moreover, Defendant is 39 years old and this advisory guideline range overly reflects Defendant's actions in this matter.  Although Defendant is 39 years old, he will have to serve a mandatory twenty four (24) months for the Aggravated Identity Theft conviction (Count Five), and due to his age it makes it unlikely that you will see Defendant involved in anymore criminal activity after he is released.

Defendant is a wonderful father, raising his children with his spouse, and making sure they have the necessities to survive.  He has had low severity

4

convictions on his record ending in 2017.  Defendant is respectfully requesting that this Honorable Court vary from the guideline range on Count One.

Therefore, Defendant respectfully requests that this Court grant his Motion for Downward Variance under 18 U.S.C. Section 3553(a).

## ARGUMENT

### I. DEFENDANT'S MOTION FOR DOWNWARD VARIANCE SHOULD BE GRANTED BECAUSE THE ADVISORY GUIDELINE RANGE IS TOO HARSH

Defendant is entitled to a downward variance because the advisory guideline range is 33-41 months on Count One, which is too harsh and will result in a sentence "greater than necessary" in the context of Defendant's charge of Wire Fraud.   "[A] district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)…"*United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006).

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct.738, 160 L.Ed.2d 621 (2005), the Supreme Court invalidated the mandatory use of the Sentencing Guidelines and held they are now "effectively advisory".  We have held that "[o]nce the appropriate advisory guideline range is calculated; the district court throws this ingredient into the section 3553(a) mix."  *United States v McBride*, 434 F.3d470, 476, (6th Cir. 2006).  The District Court, in sentencing, should consider the nature and circumstances of the offense, the characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, policy statements from the Sentencing Commission, the need to avoid

5

sentencing disparities, and the need to provide restitution to the victims.  See 18 U.S.C. Section (a)(1)(3)-(7).

### A. History and Characteristics of the Defendant

"Under the Guidelines, courts traditionally were forbidden to consider the defendant's age…his education and vocational skills…his mental condition… his physical condition including drug or alcohol dependence… and his family ties and responsibilities… in the wake of Booker…these factors are important to consider in fashioning a just sentence." United States v Pacheco, 386 F.Supp.2d 1198, 1204 (D.N.M. 2005) emphasis added.  The Guidelines are now "generalized recommendations about the range of sentences appropriate for certain crimes committed by individuals with certain backgrounds." United States v Buchanan, 449 F.3d 731, 736 (6th Cir. 2006)(J. Sutton, concurring).  "[W]hile the [g]uidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." United States v McBride, 434 F.3d 470 (6th Cir. 2006).

In United States v Collington, 461 F.3d 805 (6th Cir. 2006), Collington pled guilty to possession with intent to distribute more than 50 grams of crack cocaine, felon in possession of a firearm, and possession of a machine gun.  Based upon an offense level of thirty-three and criminal history III, he anticipated a guideline range of 168-210 months.  However, upon review of the Pre-Sentence Report, the district court recalculated Collington's numbers and decided that his offense level was thirty-three and his criminal history was IV.  This resulted in an advisory

6

guideline range of 188-235 months, but ultimately the district court granted him a downward variance and sentenced Collington to 120 months.

At Collington's sentencing hearing, the district court carried out a "three step process". The first step was to calculate the appropriate advisory guideline range, calculated to be 188-235 months. The second and third steps of the court's analysis consisted of determining whether a variance from the guideline range would be appropriate in this case and considering the section 3553(a) factors and the guideline range to determine what sentence would be a "reasonable sentencing option for this Defendant".

The district court explained that such a variance was justified in that case because of a number of factors, which the guidelines did not take into account. For instance, the court found that despite Collington having a criminal history IV, the defendant had never been in custody for any substantial period of time. In addition, the criminal history did not reflect that this was the first time the defendant had been caught with this quantity of drugs and guns. Moreover, the court took into consideration Collington's personal history and the severity of the crimes in question. Collington's personal history consisted of his father being murdered in their home when Collington was only nine and then losing his mother two years later to cancer. Consequently, the court ordered Collington undergo mental health counseling, and that after imprisonment, he would be under supervised release for five years, to include aggressive drug testing. The Government appealed the sentence as being unreasonably low. <u>The appellate court, however, affirmed the district court's sentence as being reasonable stating</u>

7

<u>that the district court took the time to consider arguments from defense counsel, the government, and questioned Collington himself about the current charges, his history, and his desire to reform</u>.

In this instance, Defendant's criminal history reflects that Defendant has three very low severity convictions in his past. Unfortunately, Defendant now is involved with the criminal activity in this case. Defendant sincerely regrets that he put himself into this situation and knows there is a price to pay for his actions. However, due to his age and lengthy prison sentence, it is very unlikely that you will see Defendant in this position again.

Defendant did graduate from St. Martin Deporres Catholic High School. Mr. Baker did continue his education at Ferris State University but did not graduate. He did become a master barber through a technical college in Atlanta Georgia. Prior to his arrest, Defendant was working as a barber in the metropolitan Detroit area.

Notwithstanding the severity of this crime, Defendant's guideline range of 33-41 months will be too harsh if imposed against him. The sentence will be "greater than necessary" and it will not promote respect for the law, nor will the sentence be just. Accordingly, Defendant should receive a downward variance and receive a sufficient sentence that is not greater than necessary.

## **CONCLUSION**

Defendant's Motion for Downward Variance should be granted because a guideline sentence of 33-41 months will be too harsh and "greater than

necessary".  Such a sentence will not promote respect for the law and it will not provide a just punishment.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant his Motion for Downward Variance in this matter.

                                              Respectfully submitted

                                              s/Steven Scharg  
                                              STEVEN SCHARG  
                                              Attorney for Defendant  
                                              615 Griswold, Suite 1120  
                                              Detroit, Michigan 48226  
                                              (313) 962-4090  
Dated: August 19, 2022                 scharg1924@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   HON. PAUL D. BORMAN
CASE NO. 20-20433

    Plaintiff,

vs.

SAMUEL GEORGE BAKER,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that this Motion for Downward Variance was electronically filed this date, served electronically or by mail to the following:

    AUSA RYAN PARTICKA
    RYAN.PARTICKA@USDOJ.GOV

    s/Steven Scharg
    STEVEN SCHARG
    Attorney for Defendant
    615 Griswold, Suite 1120
    Detroit, Michigan 48226
    (313) 962-4090
    scharg1924@gmail.com

Dated: January 27, 2022