UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,          Case No. 20-cr-20433
                                    Honorable Paul D. Borman

vs.

Samuel George Baker,

        Defendant.

---

### Application for Entry of Preliminary Order of Forfeiture

---

The United States applies for entry of a Preliminary Order of Forfeiture in this case. The entry of an order of forfeiture is consistent with the terms of the parties' Rule 11 Plea Agreement. In support of its Application, the government states the following:

**I. Background**

On September 16, 2020, an Indictment was filed which charged the defendant with Counts One through Four, Wire Fraud, in violation of 18 U.S.C. § 1343; Counts Five and Six, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1); and Count Seven, Illegal Transactions with Access Devices, in violation of 18 U.S.C. § 1029A(a)(5). (ECF No. 1).

The Indictment sought criminal forfeiture pursuant to Federal Rule of

Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), 18 U.S.C. 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C). (ECF No. 1).

The United States filed a First Forfeiture Bill of Particulars on December 2, 2020, pursuant to Federal Rule of Criminal Procedure 7(f), to provide notice of specific property the Government intended to forfeit upon conviction, including but not limited to the following:

- $187,200.00 in U.S. Currency found in various places within the residence at XXXXX Violet Drive, Southfield, MI;
- Miscellaneous Jewelry, including:
  - Rolex Presidential Oyster Perpetual, S/N: S0V08440, Model: 218235
  - Rolex Submariner, S/N: 3V896755, Model: 126715CHNR
  - Rolex Sky Dweller, S/N: 083N0791, Model: 326935
  - Rolex Masterpiece Tridor, S/N: K557353, Model: 18948; and
- Ten gold coins from the residence at XXXXX Violet Drive, Southfield, MI 48076

(ECF No. 31).

On or about March 29, 2022, the defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Wire Fraud in violation of 18 U.S.C. § 1343, as alleged in Count One of the Indictment and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, as alleged in Count Five of the Indictment. (ECF No. 49).

As part of his Rule 11, the defendant agreed to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to his violation of 18 U.S.C. § 1343, as charged in Count One of the

2

Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which the defendant agreed included, but was not limited to, the following property:

- $187,200.00 in U.S. Currency found in various places within the residence at XXXXX Violet Drive, Southfield, MI;
- Miscellaneous Jewelry, including:
  - Rolex Presidential Oyster Perpetual, S/N: S0V08440, Model: 218235
  - Rolex Submariner, S/N: 3V896755, Model: 126715CHNR
  - Rolex Sky Dweller, S/N: 083N0791, Model: 326935
  - Rolex Masterpiece Tridor, S/N: K557353, Model: 18948; and
- Ten gold coins from the residence at XXXXX Violet Drive, Southfield, MI 48076

(ECF No. 49, PageID.237-238). The Ten gold coins from the residence at XXXXX Violet Drive, Southfield, MI 48076, are more now more accurately described by the custodial agency as "(10) Assorted date $50 Gold American Eagle Coins." As a result, the property agreed to be forfeited to the United States, hereinafter the "Subject Property," is more specifically described as:

- $187,200.00 in U.S. Currency found in various places within the residence at XXXXX Violet Drive, Southfield, MI;
- Miscellaneous Jewelry, including:
  - Rolex Presidential Oyster Perpetual, S/N: S0V08440, Model: 218235
  - Rolex Submariner, S/N: 3V896755, Model: 126715CHNR
  - Rolex Sky Dweller, S/N: 083N0791, Model: 326935
  - Rolex Masterpiece Tridor, S/N: K557353, Model: 18948; and
- (10) Assorted date $50 Gold American Eagle Coins.

In addition to agreeing to forfeit his interest in the Subject Property, the defendant expressly agreed "to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the

forfeiture of the Subject Property following defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2." *Id.* at PageID.238. The defendant further agreed that the Preliminary Order of Forfeiture would become final as to the defendant upon being entered by the Court. *Id.*

As part of his Rule 11, the defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J). The defendant further waived the requirements of Rule 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. (ECF No. 49, PageID.239).

## II. Discussion

### a. Forfeiture is Mandatory.

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court shall order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L.

Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)).

### b. The Forfeiture Amount.

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, <u>including any written plea agreement</u> . . . ." Fed. R. Crim. P. 32.2(b)(1)(B) (emphasis added).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to the offense ..." 18 U.S.C. § 981(a)(1)(C). In his Rule 11, defendant agreed to forfeit any property, real or personal, which constitutes, or is derived from, proceeds traceable to his violation of 18 U.S.C. § 1343, including the

5

specifically enumerated Subject Property. (ECF No. 49, PageID.237).

### c. Entry of the Forfeiture Order.

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

The defendant's sentencing is currently scheduled for August 24, 2022, making it appropriate for the Court to enter a Preliminary Order of Forfeiture at this time. Any claims by third parties to the Subject Property shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c).

Consistent with the Rule 11 Agreement, on August 19, 2022, undersigned counsel emailed Steven E. Scharg, defendant's counsel, a proposed Stipulated Preliminary Order of Forfeiture and requested concurrence for the submission of the stipulated order. Defendant's counsel responded by raising a potential claim of defendant's third-party family members as to one or more of the properties to be

6

forfeited. The government responded that third-party interests are resolved after an order of forfeiture is entered, *see* Rule 32.2(b)(2)(A), (c), noting further that the defendant himself agreed to the forfeiture and that he also agreed to an order of forfeiture being entered. On August 22, 2022, the government again attempted to obtain the defendant's position and concurrence regarding the entry of an order of forfeiture consistent with the Rule 11 agreement, either by stipulation or the government's filing of an application for an order of forfeiture. The Government did not receive a response regarding the defendant's position prior to filing this Application. The defendant's agreement to forfeiture is, however, expressly contained in the Rule 11 Agreement.

//

//

//

//

//

//

//

//

//

### III.  Conclusion and Requested Relief

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2, and based upon the Indictment, the Rule 11 agreement to forfeiture, the defendant's guilty plea, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture. The government will submit the proposed Preliminary Order of Forfeiture to the Court via ECF utilities.

                                      Respectfully submitted,

                                      Dawn N. Ison  
                                      United States Attorney

                                      <u>S/Gjon Juncaj</u>  
                                      Gjon Juncaj (P63256)  
                                      Assistant U.S. Attorney  
                                      211 W. Fort Street, Ste. 2001  
                                      Detroit, Michigan 48226  
                                      (313) 226-0209  
                                      Gjon.Juncaj@usdoj.gov

Dated: August 23, 2022

## Certificate of Service

I hereby certify that on August 23, 2022, the foregoing document was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

                                        S/Gjon Juncaj
                                        Gjon Juncaj (P63256)
                                        Assistant U.S. Attorney
                                        211 W. Fort Street, Ste. 2001
                                        Detroit, Michigan 48226
                                        (313) 226-0209
                                        Gjon.Juncaj@usdoj.gov