UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,               Case No. 20-cr-20433
                                       Honorable Paul D. Borman

vs.

Samuel George Baker,

               Defendant.

---

## Preliminary Order of Forfeiture

---

Based on the defendant, Samuel George Baker's ("defendant"), guilty plea to Wire Fraud in violation of 18 U.S.C. § 1343, as alleged in Count One of the Indictment, the Government's Application for Entry of Preliminary Order of Forfeiture, the defendant's Rule 11 plea agreement to forfeiture, and all information contained in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, IT IS HEREBY ORDERED THAT:

    1.    The defendant's interest in the following property is **FORFEITED** to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

- $187,200.00 in U.S. Currency found in various places within the residence at XXXXX Violet Drive, Southfield, MI;
- Miscellaneous Jewelry, including:
  - Rolex Presidential Oyster Perpetual, S/N: S0V08440, Model: 218235

        ○  Rolex Submariner, S/N: 3V896755, Model: 126715CHNR
        ○  Rolex Sky Dweller, S/N: 083N0791, Model: 326935
        ○  Rolex Masterpiece Tridor, S/N: K557353, Model: 18948; and
- (10) Assorted date $50 Gold American Eagle Coins.

2. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant upon entry and forfeiture of the Subject Property shall be made part of the defendant's sentence and shall be included in his Judgment.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any proceedings to comply with the statutes governing third party rights, including giving notice of this Order. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity who appears to be a potential claimant, with standing, to contest forfeiture in an ancillary proceeding. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in

accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

5.     If no third-party files a timely petition for any of the Subject Property before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided in Fed. R. Crim. P. 32.2(c)(2).

6.     If a third-party files a timely petition for ancillary hearing regarding any of the Subject Property, the Court shall enter a final order of forfeiture by

amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

7.      Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

8.      The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).


Dated: August 24, 2022                    s/Paul D. Borman
                                          Honorable Paul D. Borman
                                          United States District Judge

4